**PAN AMERICAN LIFE INSURANCE COMPANY, Petitioners,**

**v.**

**ERBAUER CONSTRUCTION COMPANY, Respondents.**

No. D–0032.

Supreme Court of Texas.

Jan. 30, 1991.

Rehearing Overruled March 27, 1991.

Roger Townsend, Reagan M. Brown, Jennifer Bruch–Hogan, Houston, for petitioners.

Don A. Wetzel, The Woodlands, Wayne Fisher, Richard A. Sheehy, Houston, for respondents.

PER CURIAM.

Dewey Gill worked for respondent Erbauer Construction Company, whose employees were insured under a group policy issued by petitioner Pan American Life Insurance Company. In late 1979, his daughter Crystal was treated for injuries at Hermann Hospital. Both Erbauer and Pan American advised the hospital that her treatment was covered by the group policy. When Pan American eventually denied the claim, Hermann sued both parties for the cost of Crystal's care. Erbauer filed cross-claims against Pan American, alleging bad faith settlement practices and violations of the Texas Deceptive Trade Practices Act and the Insurance Code. After a nonjury trial, the trial court found in favor of Erbauer.

The court of appeals affirmed, 791 S.W.2d 146, rejecting Pan American's argument that Erbauer's claims were barred by the "preemption clause" of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1144(a), because they "related to" a welfare benefit plan as defined by the Act. *See Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The court held that, by raising ERISA preemption for the first time on appeal, Pan American had waived the defense. 791 S.W.2d at 149.

Under our decisions today in *Gorman v. Life Ins. Co. of North America,* No. C–7806, 1991 WL 7964, and *Cathey v. Metropolitan Life Ins. Co.,* 805 S.W.2d 387, the court of appeals' holding was in error. Erbauer's claims are among those defined as relating to an employee benefit plan, and so are preempted by ERISA. *Cathey,* 805 S.W.2d at 388–89. The ERISA

defense in this case was jurisdictional, and could be properly raised for the first time on appeal. *Gorman.* Pursuant to Tex.R. App.P. 170, we grant Pan American's application for writ of error, and without hearing oral argument a majority of the Court reverses the court of appeals and renders judgment in favor of Pan American.