Herring v. Tomes 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-262-CV





LARRY HERRING,



 APPELLANT


vs.





BOB TOMES, INDIVIDUALLY AND d/b/a BOB TOMES FORD, INC.;


CONTINENTAL BANKERS LIFE INSURANCE COMPANY OF THE SOUTH;


JAMES T. ODIORNE, ANCILLARY RECEIVER; AND STEPHEN S. DURISH,


SUCCESSOR IN INTEREST TO JAMES T. ODIORNE



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT


NO. 415,701, HONORABLE PAUL R. DAVIS, JR., JUDGE



 





PER CURIAM


 This appeal involves the Employee Retirement Income Security Act of 1974. 29
U.S.C.A. §§ 1001-1461 (West 1985 & Supp. 1991) ("ERISA"). Appellant, Larry J. Herring,
sued appellees Bob Tomes, individually and doing business as Bob Tomes Ford, Inc.; Continental
Bankers Life Insurance Company of the South; and Continental's receiver after the group health
insurance plan in which he was enrolled was discontinued. 

 In his petition, appellant alleged that he was employed by Tomes, who promised
him that he would receive major medical and hospitalization insurance with Continental. After
enrolling in the insurance plan, appellant was injured in a car accident; he received medical
insurance benefits until the insurance policy was discontinued. Appellant then sued appellees for
failing to keep the policy in force, failing to notify him of its discontinuance, and failing to notify
him of his right of conversion. He alleged causes of action for negligence, bad faith, breach of
employment contract, and violations of Tex. Bus. & Com. Code Ann. §§ 17.41 et seq. (1987 &
Supp. 1991), and Tex. Ins. Code Ann. arts. 1.01 et seq. (1981 & Supp. 1991) and its
administrative regulations. Appellees moved for summary judgment, asserting that ERISA
preempted appellant's claims. The trial court granted appellees' motion for summary judgment.

 When a defendant moves for summary judgment on the basis of an affirmative
defense, he must conclusively prove all essential elements of that defense. Swilley v. Hughes, 488
S.W.2d 64 (Tex. 1972). On review of a summary judgment, this Court determines whether the
movant has shown that no genuine issue as to a material fact exists and that the movant was
entitled to judgment as a matter of law. Nixon v. Mr. Property Management Co., 690 S.W.2d
546 (Tex. 1985). We take as true all evidence favoring the nonmovant and indulge every
reasonable inference and resolve every doubt in his favor. Id. at 548-49.

 Since the appeal was docketed in this Court, the Texas Supreme Court has issued
three opinions, holding in each that ERISA preempts state-law claims that relate to any ERISA-qualified group health, accident, or life insurance plan. Gorman v. Life Ins. Co. of N. Am., 811
S.W.2d 542 (Tex. 1991); Pan American Life Ins. Co. v. Erbauer Constr. Co., 805 S.W.2d 395
(Tex. 1991); Cathey v. Metropolitan Life Ins. Co., 805 S.W.2d 387 (Tex. 1991). Appellant
concedes that, should this insurance plan qualify as an ERISA plan, ERISA preempts his causes
of action. However, appellant contends on appeal that, because the health insurance plan in
question does not qualify as an ERISA "employee welfare benefit plan," ERISA does not preempt
his causes of action. 

 ERISA defines "employee welfare benefit plan" or "welfare plan" to mean



any plan, fund, or program which was heretofore or is hereafter established or
maintained by an employer or by an employee organization, or by both, to the
extent that such plan, fund, or program was established or is maintained for the
purpose of providing for its participants or their beneficiaries, through the purchase
of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or
benefits in the event of sickness, accident, disability, death or unemployment, or
vacation benefits, apprenticeship or other training programs, or day care centers,
scholarship funds, or prepaid legal services, . . .



29 U.S.C. § 1002(1) (Supp. 1991). A "plan" under ERISA is established if from the surrounding
circumstances a reasonable person can ascertain a class of beneficiaries, the intended benefits, the
source of financing, and procedures for receiving benefits. See Memorial Hospital System v.
Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990); Donovan v. Dillingham, 688 F.2d 1367
(11th Cir. 1982). 

 In support of their motion for summary judgment, appellees submitted a certificate-booklet describing the group insurance policy issued by Continental; a certificate of insurance
coverage; the affidavit of Bob Tomes; and the affidavit of an expert witness, Thomas J. Bond, a
former Texas Commissioner of Insurance. In his affidavit, Tomes stated that Bob Tomes Ford,
Inc., procured a group health insurance plan through Continental for its employees. The
certificate of insurance, a copy of which each employee received, attested that the named
employee was eligible for benefits under the group policy. This certificate showed that the
intended benefits of the group policy comprised life insurance, both on the employee and his
dependents; accidental death and dismemberment benefits; comprehensive medical insurance,
including hospitalization; and treatment for mental and nervous disorders. Bob Tomes Ford, Inc.,
was shown as the group policyholder on the certificate of insurance. The certificate-booklet
provided that premiums required by the policy were payable to the insurance company by the
employer. The certificate of coverage and the certificate-booklet detailed the requirements for
eligibility of employees and dependents and the procedures for obtaining benefits, such as giving
notice of claims and filing proofs of loss. 

 Appellees' expert witness, Thomas J. Bond, stated in his affidavit that he had
reviewed the evidence submitted by appellees and that he concluded that the group health
insurance plan maintained by Bob Tomes Ford, Inc., was an ERISA-qualified plan. Appellant
presented no controverting summary-judgment evidence.

 ERISA explicitly provides that an employer can establish an employee welfare
benefit plan through the purchase of insurance. 29 U.S.C. § 1002(1) (Supp. 1991). The purchase
of insurance alone, however, does not establish that an ERISA plan exists. See Donovan, 688
F.2d at 1375. The summary-judgment evidence presented here meets the requirements of
Donovan and Memorial Hospital and shows that Tomes intended to provide his employees a
welfare-benefit program through the purchase of a group insurance policy. Because the insurance
plan established by Tomes qualifies as an ERISA plan, ERISA preempts appellant's causes of
action.

 We affirm the summary judgment of the district court.



[Before Chief Justice Carroll, Justices Aboussie and Kidd; Chief Justice Carroll

 Not Participating]


Affirmed


Filed:  December 11, 1991


[Do Not Publish]