11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Theda
Spurgeon

Appellant

Vs.                   No. 11-04-00050-CV -- Appeal from Erath County

Coan
& Elliott, Attorneys at Law

Appellee

 

Coan & Elliott, Attorneys at Law, (C&E)
obtained a jury verdict in its suit against Theda Spurgeon for unpaid attorney=s fees and legal expenses that had been
charged to Spurgeon by Coan & Elliott, L.L.P., (C&E LLP) in connection
with an earlier lawsuit involving real estate. 
C&E alleged that it was the successor in interest to C&E
LLP.  In four issues, Spurgeon asserts that
(1) C&E had no standing to sue; (2) the trial court erred in granting
C&E a partial summary judgment on the ground that C&E LLP had no duty
to pursue Spurgeon=s alleged
claim against Alamo Title Insurance of Texas; (3) the trial court also erred in
granting the partial summary judgment on the ground that Spurgeon could not
demonstrate any damage because of C&E LLP=s
failure to pursue her claim against Alamo; and (4) the trial court erred in
admitting the initial judgment from the underlying real estate litigation into
evidence.  We affirm.

Spurgeon had retained C&E LLP to defend her in
a suit brought by her brother, Bennie C. Hanson.  Hanson claimed that a deed he had given Spurgeon
had been intended to be a mortgage to secure repayment of a note that he owed
Spurgeon.  Spurgeon claimed that the deed
represented a conveyance of the property. 
C&E LLP successfully obtained a judgment in favor of Spurgeon which
also awarded attorney=s
fees to Spurgeon in the sum of $27,000. 
Hanson appealed the case to the Tenth Court of Appeals in Waco.  On appeal, a different attorney represented
Spurgeon.  The Tenth Court of Appeals
abated the case and ordered mediation. 
Hanson and Spurgeon settled the case, but the  judgment based on the settlement ordered that
each party pay his or her own attorney=s
fees.








In its petition in this lawsuit, C&E alleged
that Spurgeon still owed $11,000 in attorney=s
fees and expenses.  Spurgeon=s answer asserted various affirmative
defenses based, in part, on an allegation that C&E (not C&E LLP) had
breached its contract for legal services with her by failing to pursue a claim
against Alamo after Alamo had denied coverage and refused to defend Spurgeon
against her brother=s
lawsuit.  Spurgeon also filed a
counterclaim, asserting that C&E (not C&E LLP) had breached its
contractual and fiduciary duties by failing to pursue the alleged claim against
Alamo.  Spurgeon=s
answer implicitly assumed that C&E was the successor in interest to C&E
LLP.  She did not challenge C&E=s right to sue.  After the trial court entered a partial
summary judgment that C&E had no duty to pursue a claim against Alamo,
C&E obtained a jury verdict for the unpaid attorney=s
fees and expenses.

Standing vs. Capacity

Spurgeon filed a motion for judgment n.o.v. on the
ground that C&E had no standing because there was no evidence that C&E
had an interest in the claim of C&E LLP. 
This was the first time that Spurgeon raised the issue of standing.  After the trial court denied the motion for
judgment n.o.v., Spurgeon filed a motion for new trial on the ground that there
was no evidence that C&E LLP had assigned its claim to C&E or that
C&E had any interest in the claim. 
The trial court denied Spurgeon=s
motion for new trial.

A plaintiff must have both standing and capacity
to bring a lawsuit.  Austin Nursing
Center, Inc. v. Lovato, No. 03-0659, 2005 WL 1124764 (Tex.2005).  As the supreme court in Lovato explained:

The
issue of standing focuses on whether a party has a sufficient
relationship with the lawsuit so as to have a Ajusticiable
interest@ in its
outcome, whereas the issue of capacity Ais
conceived of as a procedural issue dealing with the personal qualifications of
a party to litigate.@  6A Charles Alan Wright, Arthur R. Miller, and
Mary Kay Kane, Wright, Miller & Kane, Federal Practice and Procedure: Civil
2d ' 1559, at 441 (2d ed. 1990).  (Emphasis added)

 








Although Spurgeon raised the matter of standing in
the trial court, standing is a component of subject matter jurisdiction that
can be raised for the first time on appeal. 
Texas Association of Business v. Texas Air Control Board, 852
S.W.2d 440, 445-46 (Tex.1993); Pan American Life Insurance Company v.
Erbauer Construction Company, 805 S.W.2d 395, 396 (Tex.1991).  Whether the trial court had subject matter
jurisdiction is a question of law subject to de novo review.  Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex.1998).  A plaintiff
has standing to sue when he or she is personally aggrieved by the alleged
wrong, regardless of whether the plaintiff is acting with legal authority.  Nootsie, Ltd. v. Williamson County
Appraisal District, 925 S.W.2d 659, 661 (Tex.1996).  A party has capacity when that party has the
legal authority to act, regardless of whether the party has a justiciable
interest in the controversy.  Nootsie,
Ltd. v. Williamson County Appraisal District, supra. 

Because James J. Elliott and Richard D. Coan both
worked on Spurgeon=s earlier
case, each had a justiciable interest in their fees and could have sued
Spurgeon as a partner of C&E LLP. 
The matter is one of capacity, rather than standing.  Capacity must be challenged by a verified
pleading or it is waived.  TEX.R.CIV.P.
93; see Pledger v. Schoellkopf, 762 S.W.2d 145, 145-46 (Tex.1988)
(contention that corporation rather than plaintiff shareholder owned fraud and
tortious interference claims challenged capacity to sue and was waived); Southwest
Industries Investment Company, Inc. v. Berkeley House Investors, 695 S.W.2d
615, 617 (Tex.App. - Dallas 1985, writ ref=d
n.r.e.).

Although not published, the case of Stephenson
v. Lynch, No. 05-99-01874-CV, 2001 WL 126403 (Tex.App. - Dallas, Feb. 15,
2001, pet=n den=d), had similar facts.  On appeal, Stephenson challenged Lynch=s standing to bring a suit for attorney=s fees because the evidence at trial
established that the debt Stephenson owed was owed to Lynch & Calvert,
P.C., a professional corporation.  There
was no evidence explaining the relationship between Lynch, who was suing
individually, and Lynch & Calvert, P.C. 
Stephenson also argued that there was no evidence of an essential
element of Lynch=s breach
of contract claim because there was no evidence that Lynch individually owned
the claim.  Just as Spurgeon in our case
does not argue that Coan and Elliott had no interest in payment for the legal
work that they performed for her, the Dallas Court pointed out that Stephenson
did not argue that Lynch had no interest in payment for the legal work he
performed for Stephenson.  Stephenson
complained of Lynch=s
authority rather than his justiciable interest. 
Citing Pledger v. Schoellkopf, the court held that Stephenson had
waived his argument by failing to comply with Rule 93.

We hold that Spurgeon waived her argument by
failing to comply with Rule 93.  Spurgeon=s first issue is overruled.  

The Alleged Claim Against Alamo

Spurgeon alleged claims of breach of fiduciary
duty, breach of contract, and fraud against 
C&E.  Her claims arose, in
part, from C&E=s alleged
failure to pursue a claim against Alamo, her title insurance company, for a
defense of the underlying suit.  The
trial court granted a partial summary judgment in favor of C&E on Spurgeon=s claims to the extent the claims
related to the alleged failure to pursue a claim against Alamo.  The trial court determined that Alamo did not
have a duty to defend Spurgeon in the underlying suit and that, therefore,
C&E did not have a duty to pursue a claim against Alamo.  In her second issue, Spurgeon argues that the
trial court erred in granting the partial summary judgment.

Spurgeon requested Alamo to provide her a defense
in the underlying suit.  However, Alamo
believed that Spurgeon=s
policy excluded Hanson=s
allegations from coverage and, therefore, denied Spurgeon=s request for a defense.

The duty to defend and the duty to indemnify by an
insurer involve different principles.  Trinity
Universal Insurance Company v. Cowan, 945 S.W.2d 819, 821-22
(Tex.1997).  An insurance company owes no
duty to defend unless the petition in the underlying suit contains allegations
of fact which fall within the scope of coverage provided for in the policy of
insurance.  National Union Fire
Insurance Company of Pittsburgh, PA v. Merchants Fast Motor Lines, Inc.,
939 S.W.2d 139, 141 (Tex.1997).








Courts apply the Aeight
corners rule,@ also
known as the Acomplaint
allegation rule,@ in
determining whether a duty to defend exists. 
King v. Dallas Fire Insurance Company, 85 S.W.3d 185, 187
(Tex.2002); Trinity Universal Insurance Company v. Cowan, supra.  Under the Aeight
corners rule,@ we look
solely at the pleadings and the insurance policy to determine whether the
petition contains allegations which come within the scope of coverage.  King v. Dallas Fire Insurance Company,
supra.   We consider the allegations
in the petition in light of the policy terms without considering either the
truth or falsity of the allegations or what the parties know or believe the
true facts to be.  Heyden Newport
Chemical Corporation v. Southern General Insurance Company, 387 S.W.2d 22,
24 (Tex.1965).  The same is true even if
there has already been a judicial determination of the facts.  Heyden Newport Chemical Corporation v.
Southern General Insurance Company, supra.  We will not look outside the pleadings and
the policy of insurance in our assessment of whether there is a duty to defend.
National Union Fire Insurance Company of Pittsburgh, PA v. Merchants Fast
Motor Lines, Inc., supra.  If a
petition does not allege facts that fall 
within the scope of coverage, an insurer is not required to defend a
suit against its insured.  American
Physicians Insurance Exchange v. Garcia, 876 S.W.2d 842, 848
(Tex.1994).  If a petition only alleges
facts excluded by the policy, the insurer is not required to defend its
insured.  Fidelity & Guaranty
Insurance Underwriters, Inc. v. McManus, 633 S.W.2d 787, 788 (Tex.1982).

In the underlying suit, Hanson sought to set aside
a deed of real property to Spurgeon. Hanson alleged that, on or about November
30, 1993, he executed and delivered to Spurgeon a warranty deed conveying his
homestead property to Spurgeon.  On its
face, the deed was an absolute deed of the property.  However, Hanson alleged that he had borrowed
money from Spurgeon and that the deed was in reality a mortgage to secure the
payment of the loan.  Hanson stated in
his petition that A[t]he
deed...was intended as a mortgage to secure [his] payment of the Note of
November 30, 1993, to [Spurgeon].@  Hanson further alleged that the deed was void
because it constituted a mortgage of his homestead property.  Hanson requested the court to cancel the deed
on the ground that it was void.  Thus,
Hanson=s claim
depended on his alleged agreement with Spurgeon that the deed was in reality a
mortgage, instead of an absolute deed of the property.

Spurgeon=s
policy required Alamo to Aprovide
for the defense of an insured in litigation in which any third party asserts a
claim adverse to the title or interest as insured.@  C&E relied on two policy exclusions in
arguing that Alamo did not have a duty to defend Spurgeon in the underlying
suit.  The policy provided in part as
follows:

The
following matters are expressly excluded from the coverage of this policy and
the Company will not pay loss or damage, costs, attorneys= fees or expenses that arise by reason
of:

 

3.  Defects,
liens, encumbrances, adverse claims or other matters:

 

(a) created, suffered, assumed or agreed to by the
insured claimant;

 








(b) not known to the Company, not recorded in the
public records at Date of Policy, but known to the insured claimant and not
disclosed in writing to the Company by the insured claimant prior to the date
the insured claimant became an insured under this policy.

 

If Hanson=s
allegations in the underlying suit fell within either of the above policy
exclusions, Alamo did not have a duty to defend Spurgeon in the suit. Fidelity
& Guaranty Insurance Underwriters, Inc. v. McManus, supra at
788.  Hanson=s
claim to the property was based on an alleged agreement he had with Spurgeon
that the deed was in reality a mortgage. 
Hanson=s
allegations fell within both of the above exclusions because (1) his adverse
claim to the property was allegedly agreed to by the insured (Spurgeon) and (2)
the alleged agreement was not known to Alamo. 

In her counterclaim, Spurgeon denied that she and
Hanson agreed the deed was actually a mortgage. 
Spurgeon asserted that, because there was no such agreement, Hanson=s claim did not fall within the policy
exclusions.  Spurgeon=s assertion begged the question.  The issue of Alamo=s
duty to defend did not depend upon whether an agreement actually existed.  Rather, the issue depended upon a
consideration of Hanson=s
allegations in light of the policy terms without considering either the truth
or falsity of the allegations.  Heyden
Newport Chemical Corporation v. Southern General Insurance Company, supra
at 24.  Because Hanson alleged that an
agreement existed, his allegations fell within the above policy
exclusions.  Alamo did not have a duty to
defend Spurgeon in the underlying suit. 
Therefore, the trial court did not err in granting partial summary
judgment to C&E. Spurgeon=s
second issue is overruled.               

Because the trial court correctly based its ruling
that C&E had no duty to pursue a claim against Alamo on the Aeight corners rule,@ we need not address Spurgeon=s third issue.

Evidence of the Earlier
Judgment








When C&E introduced a copy of the trial court=s judgment awarding $27,000 in attorney=s fees to Spurgeon, Spurgeon objected
only on the basis that the judgment was not a final judgment and had been
changed by the Waco Court of Appeals. 
The trial court admitted the judgment for the limited purpose of
allowing the jury to see what had happened in the trial court in the Hanson litigation.  During the trial, C&E made it clear to
the jury that the earlier judgment had not been a final judgment.  Spurgeon also made it clear to the jury that
the judgment had been changed on appeal. 
Even if the trial court erroneously admitted the evidence of the earlier
judgment, Spurgeon must also show that the error was calculated to cause and
probably did cause the rendition of an improper judgment.  TEX.R.APP.P. 44.1; McCraw v. Maris,
828 S.W.2d 756, 758 (Tex.1992).  Spurgeon
has not demonstrated how the trial court=s
admission of the evidence harmed her. 
Spurgeon=s fourth
issue is overruled.

This Court=s
Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

August 31, 2005

Panel consists of:  Wright,
J., and McCall, J.[1]

 











[1]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.