IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00376-CV

 

Giselle Rutledge,

                                                                                    Appellant

 v.

 

James G. Leonard 

and The Leonard Law Firm, PLLC,

                                                                                    Appellees

 

 

 



From the 40th District
Court

Ellis County, Texas

Trial Court No. 71171

 



MEMORANDUM  Opinion



 

This case began as a straightforward
debt collection suit brought by James G. Leonard (Leonard) and The Leonard Law
Firm PLLC (LLF) against Giselle Rutledge to collect attorney’s fees earned
during the representation of Rutledge in her divorce.  But, during the pendency
of this suit to collect attorney’s fees, Leonard “gave up” his law license. 
Raising four points, Rutledge appeals the trial court’s judgment that was
entered on a jury verdict in Leonard’s and LLF’s favor.  We will affirm.

In 2003, Rutledge signed a written
retention agreement, entitled “Family Law Attorney-Client Agreement,” that
stated she retained LLF to represent her in a family law matter described as
“Divorce – TRO.”  After an initial emergency matter was handled, Rutledge
signed a second retention agreement, again entitled “Family Law Attorney-Client
Agreement,” that stated she retained LLF to represent her in a family law
matter described as “Divorce Case Filed by Don Rutledge.”  Both agreements
stated, “This contract is between you and the law firm, not with a particular
attorney.”  In addition, the second agreement referenced the simultaneous
signing of a Promissory Note and Security Agreement by Rutledge “in
consideration for this firm advancing legal services and expenses in connection
with your case, and in lieu of your paying a retainer and monthly invoices.” 
Rutledge signed a Promissory Note for the fees that had already accrued
($4,377.75), plus all additional services and expenses rendered on or after
that date in connection with her divorce.  Rutledge also signed a Security
Agreement, listing as collateral four tracts of land and the manufacturing
equipment owned by Rutledge’s business.  Leonard recorded the Security
Agreement in the Ellis County real estate records.

            Rutledge subsequently
received monthly invoices of the services rendered by Leonard and the staff of
LLF, the time spent performing those services, and the amount charged for that
time.  After the divorce was finalized, the unpaid balance on the invoices
totaled $20,585.00, which Rutledge refused to pay.

            Leonard and LLF thus filed
this suit against Rutledge, alleging breach of contract and, alternatively,
quantum meruit.  Furthermore, Leonard and LLF alleged that, pursuant to the
Security Agreement and applicable law, they were entitled to judicial
foreclosure of the liens securing the debt.  The jury found: (1) Rutledge
failed to pay Plaintiffs’ attorney’s fees that she had agreed to pay; (2)
$20,585.00 would fairly and reasonably compensate Plaintiffs’ for Rutledge’s
failure to pay attorney’s fees; and (3) a reasonable fee for the necessary
services of Plaintiffs’ attorney in this case is $15,000.00 for preparation and
trial, $5,000.00 for an appeal to the court of appeals, and $5,000.00 for an
appeal to the Texas Supreme Court.  The trial court entered judgment on the
verdict and also ordered that Leonard and LLF are entitled to foreclosure of
their liens on the real properties located in Ellis County and the
manufacturing equipment owned by Rutledge’s business.

Capacity to Sue

            In her first point, Rutledge
contends that the trial court erred in granting judgment for Leonard because he
cannot recover individually for breach of a contract that specifies the
contract is with LLF and that specifically excludes any particular attorney
from being a party to the contract.  In her second point, Rutledge asserts that
the trial court erred in granting judgment for LLF because Leonard was a
non-lawyer at the time of trial[1]
and therefore cannot be LLF’s “legally qualified representative.”  Rutledge
characterizes each of these points as a challenge to the party’s standing, but
these matters are actually ones of capacity.

            The Texas Supreme Court has
explained the difference between standing and capacity:

A plaintiff has standing when it
is personally aggrieved, regardless of whether it is acting with legal
authority; a party has capacity when it has the legal authority to act,
regardless of whether it has a justiciable interest in the controversy.

 

Nootsie, Ltd. v. Williamson County Appraisal
Dist., 925 S.W.2d 659,
661 (Tex. 1996).  In this case, Rutledge does not argue that Leonard and LLF
have no justiciable interest in payment for the legal work performed.  Rather,
she contends that Leonard has no authority to sue in his individual capacity
for a claim owed to LLF and that LLF has no authority to sue as a legal
services entity because its only named representative is a non-lawyer.  Thus,
we conclude Rutledge’s complaints are challenges to Leonard and LLF’s capacity,
rather than standing.

            The failure to raise the
issue of capacity through a verified plea results in waiver of that issue both
at trial and on appeal.  Tex. R. Civ. P.
93; see Pledger v. Schoellkopf, 762 S.W.2d 145, 145-46 (Tex. 1988); Spurgeon v. Coan & Elliott, 180 S.W.3d 593, 597 (Tex. App.—Eastland
2005, no pet.); Champion v. Wright, 740 S.W.2d 848, 851 (Tex. App.—San
Antonio 1987, writ denied).  Because Rutledge did not file a verified pleading
challenging Leonard or LLF’s capacity to sue, she has waived these complaints. 
See, e.g., Spurgeon, 180 S.W.3d at 597-98; Stephenson v. Lynch,
No. 05-99-01874-CV, 2001 WL 126403, at *2-3 (Tex. App.—Dallas Feb. 15, 2001,
pet. denied).  We therefore overrule Rutledge’s first two points.




Judicial Foreclosure

            We now turn to Rutledge’s
fourth point, in which she argues that the trial court’s judgment allowing
foreclosure of the security interests should be set aside because Leonard
failed to submit any jury question on the “distinct cause of action for
foreclosure of security interest.”  Rutledge bases this argument on the
presumption that foreclosure of a security interest is a separate cause of
action, but it is not.  Judicial foreclosure is a remedy.  See Garza v.
Allied Fin. Co., 566 S.W.2d 57, 62 (Tex. App.—Corpus Christi 1978, no writ)
(“Judicial foreclosure is an additional remedy to that of seeking a personal
judgment against a debtor.”).  Furthermore, Rutledge identifies no factual
dispute establishing the need for a jury question.  See Sullivan v. Barnett,
471 S.W.2d 39, 44 (Tex. 1971) (“Submission of an issue on an undisputed fact is
unnecessary.”); GuideOne Lloyds Ins. Co. v. First Baptist Church of Bedford, 268 S.W.3d 822, 834 (Tex. App.—Fort Worth 2008, no pet.).  Because no
jury question was necessary, the trial court did not err in ordering that
Leonard and LLF are entitled to foreclosure of their liens.  We overrule
Rutledge’s fourth point.

            In her third point, Rutledge
conclusorily asserts that the trial court’s judgment allowing foreclosure of
the security interests should be set aside because there was no evidence or
insufficient evidence submitted on the cause of action.  But as explained
above, judicial foreclosure is a remedy, not a separate cause of action.  See
Garza, 566 S.W.2d at 62.  Moreover, the retention agreements, the
Promissory Note, and the Security Agreement, all signed by Rutledge, were
admitted at trial.  Under the Default and Remedies section, the Security
Agreement provides:

2.                 
If a default exists,
Secured Party may –

 

a.         demand, collect, convert,
redeem, settle, compromise, receipt for, realize on, sue for, and adjust the
Collateral either in Secured Party’s or Debtor’s name, as Secured Party
desires, or take control of any proceeds of the Collateral and apply the
proceeds against the Obligation;

 

b.         take possession of any
Collateral not already in Secured Party’s possession, without demand or legal
process, and for that purpose Debtor grants Secured Party the right to enter
any premises where the Collateral may be located;

 

c.         without taking possession, sell,
lease, or otherwise dispose of the Collateral at any public or private sale in
accordance with the law;

 

d.         exercise any rights and
remedies granted by law or this agreement;

 

e.         notify obligors on the
Collateral to pay Secured Party directly and enforce Debtor’s rights against
such obligors; and

 

f.          as Debtor’s agent, make any
endorsements in Debtor’s name and on Debtor’s behalf.

 

3.         Foreclosure of this security
interest by suit does not limit Secured Party’s remedies, including the right
to sell the Collateral under the terms of this agreement.  Secured Party may
exercise all remedies at the same or different times, and no remedy is a
defense to any other.  Secured Party’s rights and remedies include all those
granted by law and those specified in this agreement.

 

In light of the foregoing, we conclude
that there is sufficient evidence to support the trial court’s judgment
allowing foreclosure of the security interests, and we thus overrule Rutledge’s
third point.




Conclusion

            Having overruled all Rutledge’s
points, we affirm the trial court’s judgment.

 

REX D. DAVIS

Justice

 

Before
Chief Justice Gray,

Justice Reyna, and

Justice Davis

Affirmed

Opinion
delivered and filed May 20, 2009

[CV06]









[1] Rutledge does not dispute that Leonard
was a licensed attorney during all times he performed legal work on her divorce
case.