

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00598-CV

Roland **FLORES**,
Appellant

v.

**BAC HOME LOANS SERVICING, L.P.** and
Its Successors, Assigns, and Predecessors in Interest,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-09313
Honorable Solomon Casseb, III, Judge Presiding

Opinion by:   Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  August 21, 2013

AFFIRMED

Roland Flores filed suit against appellee BAC Home Loans Servicing, L.P. and Its Successors, Assigns, and Predecessors in Interest ("BAC"), challenging BAC's nonjudicial foreclosure of his home. Flores asserted BAC had no authority to foreclose on his home because it did not own or legally hold the note or deed of trust. BAC filed traditional and no evidence motions for summary judgment, which the trial court granted. We affirm the trial court's judgment.

## BACKGROUND

In 1993, Roland Flores and his wife executed a $77,400.00 promissory note to refinance their home. The note was payable to America's Wholesale Lender and specifically provided it could be transferred. The note was secured by a deed of trust, which named America's Wholesale Lender and its successors and assigns as beneficiaries. In 2003, the note and deed of trust were assigned to Countrywide Home Loans, Inc., which thereafter assigned the note and deed of trust to Countrywide Home Loans Servicing, L.P. in 2008. In 2009, according to BAC, Countrywide Home Loans Servicing, L.P. and all other Countrywide entities merged with Bank of America. As a result of the merger, BAC, a Bank of America entity, became the owner and holder of the Flores note and deed of trust.

Flores continued to make payments on the note for some time. However, by September 1, 2006, Flores had become delinquent. Flores made the last payment on April 22, 2010, which paid the note through April 2010.

Based on Flores's failure to make the required note payments, BAC began the nonjudicial foreclosure process, sending notice to Flores of the substitute trustee's sale, which was to be conducted on June 7, 2011. Flores filed suit to prevent the foreclosure and sale. In his live petition, Flores asked the trial court to declare BAC lacked any interest in the property so as to entitle it to foreclose, and he sought damages for BAC's alleged filing of a fraudulent document (the foreclosure notice) in violation of Chapter 12 of the Texas Civil Practice and Remedies Code.[1]

---

[1] Although it does not appear in the clerk's record, both parties seem to agree this matter was tried on the claims set forth in Flores's first amended petition. A copy of this petition, which is not file-stamped is attached to BAC's brief. We must then determine whether the issues contained in the first amended petition were tried by consent. Unpled claims may be tried by consent of the parties in a summary judgment context. *Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (holding issues in summary judgment may be tried by consent); *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 495 (Tex. 1991) (finding "it would advance no compelling interest of the parties or our legal system to reverse a summary judgment simply because of a pleading defect" when parties allow issues to be tried by consent). For an issue to be tried by consent, it must be absent from the pleadings and be knowingly developed as an issue in the case by both parties. TEX. R. CIV. P. 67; *Case Corp. v. Hi-Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760,

BAC filed traditional and no evidence motions for summary judgment, which the trial court granted. Flores then perfected this appeal.

## ANALYSIS

On appeal, Flores contends the trial court erred in granting summary judgment in favor of BAC. Before we begin our substantive analysis, we note that Flores and BAC speak of BAC's interest in the Flores property, or lack thereof, in terms of "standing" or "capacity." We hold neither of these legal terms are applicable with regard to the issues in this case.

Standing focuses on who may *bring* an action. *In re Guardianship of Archer*, 203 S.W.3d 16, 23 (Tex. App.—San Antonio 2006, pet. denied) (citing *M.D. Anderson Cancer Ctr. v. Novak*, 52 S.W.3d 704, 708 (Tex. 2001)). A challenge to standing suggests there is no real controversy between the parties or the judicial action sought will not resolve the parties' issues. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005). Capacity, on the other hand, involves a party's legal ability to pursue a claim. *Id.* A challenge to a party's capacity suggests the party does not have the legal status or ability to be sued or to sue, e.g., a minor or one who is incompetent. *Id.* "[C]apacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate.'" *Spurgeon v. Coan & Elliott*, 180 S.W.3d 593, 597 (Tex. App.—Eastland 2005, no pet.) (quoting *6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Wright, Miller & Kane,* FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1559, at 441 (2d ed.1990)). In sum, "[a] plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a

---

771 (Tex. App.—Dallas 2005, pet. denied). Although the first amended petition was apparently never filed with the clerk's office, BAC's motions for summary judgment are responsive to that petition and the claims therein, which differ from the original petition, as is Flores's response to the motions. Clearly, the parties developed the issues as set forth in the first amended petition, and we therefore hold the issues presented in Flores's first amended petition were tried by consent of the parties.

justiciable interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996) (emphasis in original).

BAC's standing is not at issue here because BAC did not bring this suit; it sought a nonjudicial foreclosure. Flores sued BAC. Moreover, there is an obvious controversy between the parties that can be resolved through the current proceedings: whether BAC was the owner and holder of the note and deed of trust as a successor-in-interest to Countrywide Financial, Inc.

Likewise, capacity is not an issue in this suit. Flores does not challenge BAC's ability to be sued, i.e., he does not suggest BAC is not a legal entity. A true challenge to BAC's capacity would mean BAC was not an entity that could sue or be sued. This has never been Flores's contention.

Although neither legal concept is applicable, we construe Flores's pleadings and his arguments on appeal as a challenge to BAC's authority to foreclose based on its alleged failure to own or legally hold the note and the deed of trust. Similarly, we construe BAC's contention that there is no evidence it lacked capacity to enforce the indebtedness as an allegation that there is no evidence BAC lacked authority, as the owner and holder of the note and deed of trust, to foreclose.

### Standard of Review

A party may file a traditional motion for summary judgment, a no evidence motion for summary judgment, or both. *Binur v. Jacobo*, 135 S.W.3d 646, 650 (Tex. 2004); *Strandberg v. Spectrum Office Bldg.*, 293 S.W.3d 736, 738 (Tex. App.—San Antonio 2009, no pet.). We review de novo a trial court's order granting either a traditional or no evidence motion for summary judgment. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Strandberg*, 293 S.W.3d at 738. When a party files both a traditional and a no evidence summary judgment motion, we review the no evidence motion first. *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598,

600 (Tex. 2004). If we find the trial court properly granted the no evidence motion, we need not review the traditional motion. *Id.*

A no evidence motion for summary judgment under Rule 166a(i) of the Texas Rules of Civil Procedure is, in essence, a pretrial motion for directed verdict. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). After an adequate time for discovery, a party without the burden of proof may, without presenting evidence, seek summary judgment on the ground there is no evidence to support one or more essential elements of the nonmovant's claim or defense. TEX. R. CIV. P. 166a(i); *All Am. Tel., Inc. v. USLD Commc'ns*, 291 S.W.3d 518, 526 (Tex. App.—Fort Worth 2009, pet. denied). The motion must specifically state the element or elements for which there is no evidence. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310; *All Am. Tel, Inc.*, 291 S.W.3d at 526. The trial court must grant the motion unless the nonmovant produces more than a scintilla of summary judgment evidence that raises a genuine issue of material fact. TEX. R. CIV. P. 166a(i). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). On review, we take evidence favorable to the nonmovant as true and indulge every reasonable inference from the evidence in its favor. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and evidence favorable to the nonmovant is accepted as

true.  *Cole v. Johnson*, 157 S.W.3d 856, 859 (Tex. App.—Fort Worth 2005, no pet.) (citing *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex. 1995)).

### *BAC's Right to Foreclose*

In its no-evidence motion for summary judgment, BAC asserted there is no evidence it lacked authority to foreclose, i.e., to enforce Flores's indebtedness.  Accordingly, it was incumbent upon Flores to produce more than a scintilla of evidence to show BAC lacked such authority.  We have reviewed Flores's summary judgment evidence and hold he has not produced any evidence to show BAC lacked authority to foreclose.

Flores argues BAC never acquired ownership of the note or the deed of trust because there was no assignment, transfer, or merger to establish the acquisition.  However, given the no evidence motion filed by BAC, Flores needed to produce more than a scintilla of evidence showing there was no assignment, transfer, or merger between the Countrywide Financial, Inc. entities and Bank of America.  Flores's only summary judgment evidence in this regard comes in paragraph three of his affidavit which states:

> I have not received any documentation to [sic] Countrywide Home Loan Servicing ever transferred or assigned my mortgage to Bank of America NA. I have not been provided with any transfer, deed, assignment or document of any kind that identifies for me the basis for Bank of America to claim right to collect and/or foreclose upon my real property. Given these facts, I cannot agree that this defendant has any rights or standing to demand enforcement of my mortgage with their bank.

Taking Flores's evidence as true, his averment merely establishes he was unaware of any transfer, assignment, or merger between Countrywide Home Loans Servicing, L.P. and Bank of America and its entities.  This evidence does not establish that an assignment, transfer, or merger never occurred or BAC lacked such authority.  Rather, it serves only as evidence that Flores had no knowledge of any such event.

Accordingly, we hold the trial court did not err in granting BAC's no evidence motion with regard to Flores's challenge to its authority to foreclose. Flores did not produce even a scintilla of evidence to suggest BAC lacked the right or authority to recover on Flores's indebtedness by way of a nonjudicial foreclosure.

### *Violation of Chapter 12 of the Texas Civil Practice & Remedies Code*

Flores also alleges BAC violated Chapter 12 of the Civil Practice and Remedies Code when it filed the foreclosure notice with the Bexar County Clerk's Office. To recover under this Chapter, the plaintiff must show: "(1) the defendant made, presented, or used a document with knowledge that it was a fraudulent lien, (2) the defendant intended that the document be given legal effect, and (3) the defendant intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Merritt v. Davis*, 331 S.W.3d 857, 860–61 (Tex. App.—Dallas 2011, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West Supp. 2012). In its no evidence motion for summary judgment, BAC alleged there was no evidence of any of the statutorily required elements. We agree.

Flores has failed to produce even a scintilla of evidence that BAC acted fraudulently in pursuing the foreclosure. *See Havner*, 953 S.W.2d at 711. In an attempt to raise a fact issue, Flores produced three pieces of summary judgment evidence: (1) a copy of the assignment from America's Wholesale Lender to Countrywide Home Loans, Inc., (2) a copy of the assignment from Countrywide Home Loans, Inc. to Countrywide Home Loans Servicing, L.P., and (3) his affidavit. Nothing in any of these documents addresses the elements of the statute upon which BAC based its no evidence motion. As discussed in the previous issue, there is no evidence BAC lacked authority to seek to recover under the note and deed of trust. Per force, there is no evidence of attempting to foreclose on a fraudulent lien in an effort to damage Flores. Accordingly, because Flores has failed to produce any evidence relating to the elements of section 12.002(a), we hold

the trial court did not err in granting BAC's no evidence motion for summary judgment as to this claim.

## CONCLUSION

Based on the foregoing, we overrule Flores's issues and affirm the trial court's grant of summary judgment in favor of BAC.

Marialyn Barnard, Justice