ACCEPTED
03-15-00314-CV
8343638
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/22/2015 1:32:36 PM
JEFFREY D. KYLE
CLERK



**DUGGINS
WREN
MANN &
ROMERO, LLP**

One American Center
600 Congress
Suite 1900
Austin, TX 78701

P.O. Box 1149
Austin, TX 78767

p: 512.744.9300
f: 512.744.9399
www.dwmrlaw.com

December 22, 2015

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/22/2015 1:32:36 PM
JEFFREY D. KYLE
Clerk

**Via E-Filing**

Jeffrey D. Kyle, Clerk
Court of Appeals for the Third District of Texas
209 West 14th Street, Room 101
Austin, Texas 78701

RE:     Court of Appeals Number: 03-15-00314-CV
        Trial Court Case Number: D-1-GN-09-001010

        *California Insurance Guarantee Association, Oklahoma Property
        and Casualty Insurance Guaranty Association, and Texas Property
        and Casualty Insurance Guaranty Association v. Hill Brothers
        Transportation, Inc.*

Dear Mr. Kyle:

        At the oral argument of this case on December 2, 2015, the Court
asked whether Appellee Hill Brothers Transportation, Inc.'s cross-point
raises an issue of subject-matter jurisdiction. The appellant guaranty
associations filed a letter on December 11, 2015, acknowledging that Hill
Brothers' cross-point is a jurisdictional issue.

        Although there appears to be some disagreement among Texas
courts, this Court has consistently analyzed the question of whether one is
the proper party to bring a breach of contract action as a jurisdictional issue
of "standing."[1] The most recent of these cases is Justice Field's opinion in

---

[1] *See Handwerker Hren Legal Search, Inc. v. Recruiting Partners GP, Inc.*, No. 03-13-00239-CV, 2015 WL 4999054 (Tex. App. – Austin Aug. 19, 2015, pet. requested) (employees of recruiting firm sued to recover under contract between their employer and another; whether employees could sue for breach of contract was jurisdictional issue of "standing"); *Hamilton v. Washington,* No. 03-11-00594-CV, 2014 WL 7458988 *9



*Handwerker Hren Legal Search, Inc. v. Recruiting Partners GP, Inc.*, issued a mere five months ago.[2]

This Court has correctly treated the issue as a jurisdictional one. Hill Brothers' cross-point asserts that the guaranty associations have no legal interest in the contract rights of Legion, an insolvent insurer being liquidated in the Pennsylvania courts. In other words, the guaranty associations have no legally-cognizable interest in the contract they seek to enforce. This is an issue of standing, or subject matter jurisdiction.

For the reasons explained in its Appellee's Brief, Hill Brothers respectfully requests that the Court either dismiss the judgment of the district court for want of jurisdiction, or affirm the judgment.

---

(Tex. App. – Austin Dec. 23, 2014, no pet.) (same when officer sued to collect under contract between city and police association); *see also Gonzales v. VATR Const., LLC,* 418 S.W.3d 777, 789 (Tex.App.—Dallas 2013, no pet.) (same when estate of deceased worker sued under contract between contractor and property owner); *First-Citizens Bank & Trust Co. v. Greater Austin Telecommunications Network,* 318 S.W.3d 560, 566 (Tex. App. – Austin 2010, no pet.) (same when assignee bank sued on contract between cabling company and government); *OAIC Commercial Assets, L.L.C. v. Stonegate Vill., L.P.,* 234 S.W.3d 726, 738 (Tex.App.—Dallas 2007, pet. denied) (same when "unadmitted assignee" of partner's interest sued on partnership agreement). *But see John C. Flood of DC, Inc. v. SuperMedia*, 408 S.W.3d 645, 651 (Tex.App.—Dallas 2013, pet. denied) (company sued to collect under a contract to which it was not a party; authority to bring breach-of-contract action held to be non-jurisdictional issue of "capacity"); *Dakil v. Lege,* 408 S.W.3d 9, 11 (Tex. App. – El Paso 2012, no pet.) (same when contractor sued for payment on invoices of corporation but did not prove authority to sue on behalf of corporation); *Yasuda Fire & Marine Ins. Co. of Am. v. Criaco,* 225 S.W.3d 894, 898 (Tex. App. – Houston [1st Dist.] 2007, no pet.) (same when law firm sued to recover under agreement between firm's client and client's insurance company); *Spurgeon v. Coan & Elliott,* 180 S.W.3d 593, 597 (Tex. App. – Eastland 2005, no pet.) (same when lawyers sued to collect under contract between client and law firm).
[2] *See* 2015 WL 4999054.



Sincerely,

/s/ *Marnie McCormick*

Marnie McCormick


## CERTIFICATE OF COMPLIANCE

I certify that this document contains 337 words in the portions of the document that are subject to the word limits of Texas Rule of Appellate Procedure 9.4(i), as measured by the undersigned's word-processing software.

/s/ *Marnie McCormick*

Marnie McCormick

**CC:**  **Via E-Filing**
Dan Price
STONE LOUGHLIN & SWANSON, LLP
P.O. Box 30111
Austin, Texas 78755
dprice@slsaustin.com