## MERGENTHALER LINOTYPE CO. v. McCLURE et al. (No. 1040—5294.)

Commission of Appeals of Texas, Section B. April 24, 1929.

J. F. Lindsey, of Anson, and George Sergeant, of Dallas, for plaintiff in error.

Thomas, Pope & Shapard, A. J. Smith, Smith & Smith, and Brooks & Robinson, all of Anson, and Odell & Owens, of Throckmorton, for defendants in error.

LEDDY, J. This appeal involves the validity of a sale of personal property by a receiver.

The order of the court directing the receiver to sell, after setting forth the necessity for the sale, contained this recital: "It is, therefore, the order, judgment and decree of the court, this day made, that the aforesaid Receiver, Gilbert C. Smith, be and he is hereby directed and ordered to sell the above described property at public sale to the highest bidder for cash at the court house door at Anson, Jones County, Texas, on the 29th day of January, 1927, after first having given ten full days notice of the time, place and terms of said sale by posting three written notices of said sale and the date and day thereof by posting notices, one at the court house in Anson, Jones County, Texas, and one in the city of Stamford, in Jones County, Texas, and one in the City of Hamlin in Jones County, Texas, and that the said Receiver, Gilbert C. Smith, be authorized and directed to make a bill of sale to the purchaser or purchasers of said property at said sale *and that the said Gilbert C. Smith, Receiver, pay the entire proceeds of said sale to the treasury of this court by paying same to Spurgeon Reeves, Clerk of the District Court in and for Jones County, Texas, there to remain to await the further order of this court and the establishment of claims and liens against the above described property and any funds that may be derived therefrom.*"

At the time this order was made, the court had not determined the priorities of various liens asserted against the property ordered to be sold. The order directing the sale also provided for the establishment of claims against the property on the 4th day of February, 1927; the following provision with reference thereto being incorporated in said order: "And it is the further order and decree of the court that the above cause be set down for a hearing for the purpose of the establishment of claims of parties against said property against said receiver and said funds on the 4th day of February, 1927, at the hearing when this order was entered these present, parties involved in the suit, were as follows: Gilbert C. Smith, Receiver, in person and by attorneys, Garner Printing Company, in person and by attorneys, S. W. McClure by his answer filed in this behalf, Buford Kennedy, in person and by attorneys."

After the sale had taken place, plaintiff in error filed a motion to vacate and set aside the sale on the grounds that said property, which consisted of a Mergenthaler typesetting machine and other personal property composing a small newspaper plant, had sold for an inadequate price, and that the receiver had, in violation of the order of the court, failed and refused to sell the same to the highest bidder, in that a representative of plaintiff in error had bid $1,000 at the receiver's sale for the typesetting machine alone, which bid was wrongfully ignored by

the receiver and the entire property sold to E. G. Negy on his bid of $425.

The record does not show that any evidence was offered to sustain the matters set forth in said motion at the time the same was heard by the court. About one year later, when the case was finally tried on the merits, plaintiff in error offered testimony showing that at the receiver's sale its representative had made a conditional bid of $1,000; the condition being that this amount be credited on the indebtedness sued on by plaintiff in error.

Plaintiff in error contends that, inasmuch as it held a first lien against the typesetting machine, which constituted a part of the property ordered to be sold, it was entitled to have its bid of $1,000 credited upon its indebtedness, and that its bid under the circumstances was equivalent to a cash bid.

In making a sale of property, a receiver exercises a naked power according to the mandate of the court, the terms of which he must follow. Article 2297, R. S. 1925; I. & G. N. Ry. Co. v. Wentworth, 8 Tex. Civ. App. 5, 27 S. W. 680; Hackensack Water Co. v. De-Kay, 36 N. J. Eq. 548; Slaughter v. Strother, 99 Ga. 633, 27 S. E. 764; Leathers v. Kelling, 12 Ky. Law Rep. 92. In no case can he sell upon terms in conflict with the order authorizing the sale. Ellis v. Little, 27 Kan. 707, 41 Am. Rep. 434.

At the time of the receiver's sale, the court had not determined the priorities of the various liens asserted against the property, and presumably for this reason, in ordering the property sold, gave specific direction that the same should be sold for cash and the sum received paid to the clerk of the court to be held by him until the rights of the respective claimants thereto could be ascertained and determined. The receiver had no right to ignore or violate this portion of the order authorizing the sale of the property. The measure of his authority was strictly limited by the terms of such order. For him to have accepted the $1,000 conditional bid made by plaintiff in error would have been in direct violation of the order authorizing him to sell such property, and he therefore properly declined to consider such bid.

Plaintiff in error cites a number of cases holding that, where a judgment creditor becomes the purchaser at an execution sale, the officer making the sale should, at his direction, credit the amount of the bid upon the judgment, after the costs are paid in cash. It must be remembered that, where property is sold under execution to satisfy a judgment, the sale is made for the benefit of the judgment creditor. All rights of the parties to the suit have been judicially ascertained and determined; hence under such circumstances it would be an idle ceremony to require the judgment creditor to pay the full amount of his bid to the sheriff and then have the same handed back to him by the officer. The rule announced by these decisions is a sound one, but it cannot properly be applied to a sale of the character shown in this case. Here the sale was not made for the benefit of plaintiff in error. It had not been judicially determined that it had any interest in this property or that it had a valid first lien on the property at the time the same was sold.

The court, for reasons deemed sufficient, decided it would be for the best interest of all parties to the suit that the property be sold and converted into money. At the very time the order was entered directing the sale of the property, the court set down for a hearing on February 4, 1927, five days after the sale was to be made, the establishment of claims of the parties to the suit to the proceeds of the receiver's sale. The receiver clearly was without power to adjudicate and determine that plaintiff in error held a valid first lien and was entitled to all of the proceeds derived from the sale of the typesetting machine. This was a question that could only be determined by the court. If plaintiff in error had made a cash bid of $1,000 and paid the same to the receiver, whatever rights it had to such funds could have been asserted on the hearing set by the court to determine the rights of the various claimants.

Neither is plaintiff in error entitled to vacate the receivers' sale on the ground that the property sold for an inadequate price. It is well settled that inadequacy of price in an execution or receiver's sale is not, in the absence of facts or circumstances showing fraud or irregularity, sufficient ground for setting aside the sale. Allen v. Stephanes, 18 Tex. 658; Baker v. Clepper, 26 Tex. 629, 84 Am. Dec. 591; Taul v. Wright, 45 Tex. 388; Pearson v. Flanagan, 52 Tex. 266; Allen v. Pierson, 60 Tex. 604; Haskins v. Wallet, 63 Tex. 213; Dilley v. Jasper Lumber Co. (Tex. Civ. App.) 114 S. W. 878; Graves v. Griffin (Tex. Com. App.) 228 S. W. 913.

It being shown that plaintiff in error did not institute the receivership suit, or in any way consent thereto, we think the Court of Civil Appeals correctly held that the trial court should determine what portion of the proceeds of the sale should be allotted to the sale of the typesetting machine upon which plaintiff in error held a first lien, and such proceeds ordered paid to it. Under the facts shown, plaintiff in error should not be charged with the expenses incurred in the receivership proceedings. Houston Ice & Brewing Co. v. Clint (Tex. Civ. App.) 159 S. W. 409; Id., 106 Tex. 508, 169 S. W. 411; Gulf Pipe Line Co. v. Lasater (Tex. Civ. App.) 193 S. W. 773; Bank of Hubbard v. Hubbard Farmers' Oil & Gin Co. (Tex. Civ. App.) 178 S. W. 1015; Ford v. Van Valkenburg (Tex. Com. App.) 228 S. W. 194.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.