**ODOM'S TRANSFER & STORAGE CO.,**
Inc., and Earl H. Snyder, Appellants,

v.

Joe ROCHFORD, Appellee.

No. 5121.

Court of Civil Appeals of Texas. El Paso.

Oct. 5, 1955.

Otho A. Manning, El Paso, for appellants.

Kemp, Smith, Brown, Goggin & White, El Paso, for appellee.

HAMILTON, Chief Justice.

This is an appeal from an order of the District Court of the 41st Judicial District, confirming Receiver's sale of Special Motor Carriers' Certificate No. 9405.

The suit was originally filed by Joe Rochford for a one-half interest in a Specialized Motor Carriers' Certificate issued by the Railroad Commission of Texas, being Certificate No. 9405, against Harry S. Hoy and Earl H. Snyder. Harry S. Hoy filed a disclaimer to any ownership of the certificate, and the court entered judgment decreeing that the plaintiff, Joe Rochford,

and defendant, Earl H. Snyder, should each have an undivided one-half interest in and to said certificate, and in said judgment the court appointed a receiver to sell such certificate and divide the proceeds between the two parties. Thereafter, on January 6, 1955, the Receiver advertised that the said certificate was for sale, and he asked that those concerned submit written bids to him. In answer to said advertisement the Receiver received one bid for $1,880, made by J. Clell Miller, d/b/a Miller Van Lines. Evidently the said bid was not satisfactory to the Receiver, and he notified all parties that might be interested in such certificate that there would be an auction sale at the office of Kemp, Smith, Brown, Goggin & White at 2 P. M. on February 24, 1955. Plaintiff Joe Rochford and defendant Earl H. Snyder were both present at the designated meeting on February 24th, as well as representatives of Odom's Transfer & Storage Company and Miller Van Lines. During the auction, Odom's Transfer & Storage Company, in addition to submitting oral bids, submitted a written bid of $7,008. The highest bid offered was $8,500, by plaintiff Joe Rochford, and the Receiver struck off the certificate to him. On the next day, February 25th, the Odom Transfer & Storage Company submitted to the Receiver another written bid of $9,000 for the certificate. After receiving the last bid the Receiver orally asked the court to set a time to order the bids reopened, and the court set March 7th, at 2 P. M. as the day upon which the Receiver should sell said certificate to the highest bidder. At 1:45 P. M. on March 7th plaintiff Joe Rochford filed his motion requesting the court to confirm his bid of $8,500 made on February 24th. At 2 P. M. Odom's Transfer & Storage Company, appellant herein, requested leave of the court to file his plea of intervention, which request was granted, and the plea was filed on March 8, 1955. On March 9th, Miller Van Lines filed its plea of intervention. On April 15th the court entered its order confirming the sale made by the Receiver to Joe Rochford on February 24, 1955, from which order Odom's Transfer & Storage Company and Earl H. Snyder have appealed.

■■■ Appellants raise the points that the bid of Odom's Transfer & Storage Company for $7,008 submitted on February 24th should have been accepted, it being the highest written bid received on that day, and in the alternative that the $9,000 written bid submitted after the sale was closed on the 24th and prior to the confirmation of the court, should have been accepted. The point is also raised that since the court ordered the bids reopened and a sale to be had on March 7th that said sale should have been held. We think there is no merit in any of appellants' contentions. The Receiver had in effect called off the sale by written bids by calling and advertising a sale by oral bids on February 24, 1955. There is no contention that there was any fraud involved. Neither was there any evidence that the price of $8,500 at which the certificate was struck off to appellee Joe Rochford, was an inadequate price. The trial court could not refuse to confirm a sale made by the Receiver which was an adequate price, where no fraud was involved. To permit an unsuccessful bidder at a public auction to submit a subsequent and higher bid after the sale had been closed and prior to the confirmation of the sale would tend to destroy and defeat the purpose sought to be accomplished by holding such sales, thereby to realize the greatest amount from such sales to those entitled to receive the proceeds thereof. Morrow v. De Vitt, Tex.Civ.App., 160 S.W.2d 977; Smith v. Save-Rite Drug Stores, 10 Cir., 178 F.2d 507; Mergenthaler Linotype Co. v. McClure, Tex.Com.App., 16 S.W.2d 280; Smith v. Wayman, Tex. Civ.App., 224 S.W.2d 211; J. J. Sugarman Co. v. Davis, 10 Cir., 203 F.2d 931. It is said in A.L.R. (Vol. 152) p. 534:

"The majority of American jurisdictions, as noted in the original annotation, subscribe to the doctrine that a court will not refuse to confirm a sale which has been regularly held and is free from fraud, merely because a higher bid is made than that at which the property was struck off."

In this case the court's order appointing the Receiver directed that the Receiver sell the certificate, but it did not state the manner in which the same was to be sold, and the sale having been fairly made by the Receiver on February 24th, the court was correct in confirming the sale. We therefore affirm the judgment of the trial court.