**Richard Knapp SORREL and John Gordon Sorrel, Appellants,**

v.

**Frank SORREL, Appellee.**

**No. 13–97–873–CV.**

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1999.

Ronald B. Collins, Duckett, Bouligny, & Collins, El Campo, for Appellants.

W. S. Fly, Fly & Moeller, Victoria, for Appellee.

Before Justices DORSEY, RODRIGUEZ, and KENNEDY.[1]

## OPINION

DORSEY, Justice.

This issue in this case is whether a Trustee's power to partition trust assets, realty, survives the termination of the trust. We hold that only those powers incidental to winding up the trust survive termination and, as the partition of realty is not necessary to closing the trust under the circumstances, the trustee could not partition realty among the beneficiaries.

### FACTS

Frank D. Sorrel died on February 6, 1981, leaving a will that established two trusts: a Wife's Trust and a Family Trust. This case focuses on the Family Trust. Frank appointed his wife, Katherine, and their three sons—Frank Jr., John and Richard—to serve as co-trustees of the Family Trust. Katherine removed Frank Jr. as a co-trustee in 1991. She died in 1994. According to its express terms, the trust terminated upon the death of Katherine and the trust property was to be

distributed per stirpes to Frank's then living descendants.

Roughly two years after Katherine's death, Frank Jr. brought suit against his brothers, trustees John and Richard, complaining that they had failed to wind up the trust and divide the trust property in accordance with the trust instrument. He also alleged impropriety in their capacities as trustees. He sought their removal and damages. In his amended petition, filed a year later, he alleged that the trustees had wrongfully continued to act as if the trust were still in effect and sought declarations that the trust terminated upon the death of his mother, that the real estate and other trust property vested in the beneficiaries immediately upon termination of the trust, and that any conveyances made by trustees after termination were void.

After trial, the court made the following findings:

(1) The Family Trust terminated upon Katherine's death (on August 4, 1994), and the only duties and rights of the remaining trustees were to wind up the affairs of the trust;

(2) The trustees have not filed either an annual accounting or the final accounting;

(3) The trustees continued operating the trust at least until October 3, 1997;

(4) By special warranty deed dated June 26, 1997, the trustees attempted to partition the real estate belonging to the trust, and that attempted partition is void;

(5) The real estate belonging to the trust vested in the beneficiaries, Frank D. Sorrel, Jr., John Gordon Sorrel, and Richard Knapp Sorrel, as tenants in common upon termination of the trust.

The trial court's October 15, 1997 order, declared that the trust had terminated, ratified the trustees' actions since the termination of the trust except for the attempted partition of the real property, and

1. Retired Justice Noah O. Kennedy assigned to this court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1988).

declared all real estate belonging to the trust was owned by the three brothers as tenants in common. The court also ordered the trustees to prepare a final accounting before December 7, 1997, and ordered the parties to pay their respective attorneys fees. We affirm the orders of the trial court in all respects.

## LEGAL EFFECT OF TERMINATION OF THE TRUST

The parties agree that the trust terminated upon Katherine's death on August 4, 1994. Their disagreement concerns what powers the trustees retained after termination, and specifically, whether the trustees retained the power to partition the real property belonging to the trust nearly three years after its termination. We hold that the trustees did not retain the power to partition the trust property under these facts.

■ Texas Property Code § 112.052 states:

> A trust terminates if by its terms the trust is to continue only until the ... happening of a certain event and the ... event has occurred. If an event of termination occurs, the trustee may continue to exercise the powers of the trustee for the *reasonable period of time required to wind up the affairs of the trust and to make distribution of its assets to the appropriate beneficiaries.* The continued exercise of the trustee's powers after an event of termination does not affect the vested rights of beneficiaries of the trust.

(Vernon 1995) (emphasis added). Thus, when the trust terminated on August 4, 1994, the trustees were permitted to continue to exercise their powers as trustees for a reasonable period of time required to wind up the affairs of the trust and make distribution of assets to the appropriate beneficiaries. *Id.* Appellants argue that because their powers as trustees expressly included the power to partition assets of the trust, they were endowed with that

right beyond the termination of the trust. We disagree.

■ The express terms of the Family Trust state that upon Katherine's death "the trust ... shall terminate, and the trust property shall be distributed per stripes to [Frank's] then living descendants...." Appellants are correct in noting that where the language of a trust or will is unambiguous and expresses the intention of the maker, it is unnecessary to construe the instrument because it speaks for itself. *See Corpus Christi Natn'l Bank v. Gerdes*, 551 S.W.2d 521 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). "In such a situation a trustee's powers are conferred by the instrument and neither the trustee nor the courts can add to or take away from such powers, but must permit it to stand as written and give to it only such construction as the trustor intended." *Id.* at 523. Appellants also correctly point out that the property code allows a settlor to provide in the trust instrument how property may or may not be disposed of in the event of failure, termination, or revocation of the trust. TEXAS PROP.CODE ANN. § 112.053 (Vernon 1995). Their argument fails, though, when they attempt to graft the powers conferred upon the trustees to administer the trust onto the trustees for purposes of distributing the assets of the trust after termination. We hold that this trust provides for how property shall be disposed of upon termination: per stripes to the settlor's then-living descendants.

■ Upon termination, the trustees retained only the powers necessary to wind up the affairs of the trust or to distribute the trust property in accordance with the terms of the trust. *Id.* at § 112.052; *cf. Nowlin v. Frost Nat. Bank*, 908 S.W.2d 283, 289 (Tex.App.—Hous. [1st Dist.] 1995, no writ); RESTATEMENT 2D OF TRUSTS § 344 (1957). This is so because title, in effect, had already passed to the beneficiaries:

> On the termination of a trust, the estate of the trustee ceases, and the legal, as

well as the equitable, title vests in the beneficial owner without the necessity of any act or intervention on the part of the trustee, unless the intention of the creator appears that the legal title should continue in the trustee. The termination of a trust leaves the trustee with a mere administrative title to the fund.... [A]t the time of termination, the trustee is not immediately divested of all duties and responsibilities, but he has powers and duties appropriate for a winding up of trust affairs.

89 C.J.S. *Trusts* § 96 (1955) [footnotes and internal citations omitted].

■ In fact, this court has held that legal title to all of the trust property vested in beneficiaries as tenants in common upon the termination of the trust without necessity of a transfer or conveyance to them of the title by any person, trustee, executor, or otherwise. *Gonzalez v. Gonzalez,* 469 S.W.2d 624 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). Further, where the trust instrument does not partition or distribute the property nor provide the method or means to partition the property upon termination of the trust, this court found judicial partition appropriate. *Id.*

■ Moreover, the property code expressly states that the trustee's powers exercised after termination shall not affect the vested rights of beneficiaries of the trust. TEX. PROP.CODE ANN. § 112.052 (Vernon 1995). Upon Katherine's death, the trust terminated and the trust property passed according to the trust instrument to Frank's then living descendants, to be distributed per stripes. During the existence of a trust, legal title to the res is in the trustee and equitable title is in the beneficiaries. *Accord Shearrer v. Holley,* 952 S.W.2d 74, 78 (Tex.App.—San Antonio 1997, no writ). Upon termination, legal and equitable interests merge and the beneficiaries acquire full ownership interest in the property. *See id.* "This merger of interests may be accomplished by an express conveyance of the legal title to the beneficiaries by the trustee upon termination of the trust, or may occur automatically upon termination of the trust 'where by the terms of the trust is provided that upon expiration of the period of duration of the trust the trust property shall vest in the beneficiary.'" *Id.; Smith v. Kountze,* 119 S.W.2d 721, 726 (Tex.Civ.App.—Austin 1938), *rev'd on other grounds,* 135 Tex. 543, 144 S.W.2d 261 (1940); *see also* RESTATEMENT (SECOND) OF TRUSTS § 345 cmt. a (1959). After termination the trustee has only the very limited authority given by statute, *i.e.,* to "wind up the affairs of the trust and to make distribution."

■ We hold that where the express terms of the trust specify that the trust terminates upon the occurrence of a certain event and directs how the property is to be distributed, the trustees may not partition the trust property prior to distributing it in accordance with the instrument, but may only convey it to the appropriate beneficiaries in the manner instructed by the trust. *Cf.* RESTATEMENT (SECOND) OF TRUSTS § 345 (1959) (stating that the trust must be distributed according to the trust agreement upon termination). The settlor may bestow upon the trustees powers to distribute realty of the trust by partition upon termination, but such power is not present here. Hence, these trustees were acting outside their authority in attempting to convey trust property in 1997, and the trial court was correct in holding that conveyance void. We affirm the trial court's holding in regards to appellants' first three issues.

## FINAL ACCOUNTING

■ In their final point of error, appellants contend that the trial court erred in ordering them to make a final accounting of the trust by December 31, 1997. They contend that they did not have adequate time to wind up the affairs of the trust in the three and one-half years since it terminated. They have cited no authority for the proposition that three and one-half

years or longer is necessary for the proper winding up of a trust, and have pointed to no particular facts indicating a longer than reasonable time is required for the winding up of this trust. We overrule their last issue and affirm the trial court's order.

The judgment of the trial court is AFFIRMED.