Opinion filed September 6, 2007

















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007

 

 

 

 

                                                                        In The

    Eleventh
Court of Appeals

                                                                 ____________

                                                          No. 11-06-00066-CV 

                                                    __________

 

                                   CLOVIS
WAKEFIELD,  Appellant

                                                             V.

               JOYCE
PHILLIPS AND THE E.A. OHLENBUSCH TRUST,

        MARILYN
KENSING AND LOUISE GENZ, TRUSTEES, Appellees

 



                                          On
Appeal from the 32nd District Court

 Fisher
 County, Texas

Trial Court
Cause No. 5809



 

                                             M
E M O R A N D U M   O P I N I O N

In his will, Ernest A. Ohlenbusch created a trust
for the benefit of his wife, Martha H. Ohlenbusch.  The trust came into existence upon the death
of Mr. Ohlenbusch and terminated upon the death of Mrs. Ohlenbusch.  Mr. Ohlenbusch died on September 19, 1994,
and Mrs. Ohlenbusch died on January 14, 2003.








On February 18, 2004, Joyce Phillips and the E.A.
Ohlenbusch Trust, through its named trustees Marilyn Kensing and Louise Genz
filed this lawsuit against Clovis Wakefield to partition approximately 363
acres of land in Fisher
 County.  Later, Phillips, Kensing, Genz, and Wakefield entered into an
agreed order of sale that was then entered by the trial court.  On November 3, 2005, Stan Edwards, the
receiver appointed by the court in the agreed order, sold the property; he
filed a report of the sale that same day. 
Before the sale could be confirmed, Wakefield fired her lawyer and filed a pro se
amended answer in which she raised various matters not raised in earlier
pleadings.[1]  On November 30, 2005, the trial court
conducted a hearing regarding confirmation of the sale. Wakefield appeared at the hearing pro
se.  On December 16, 2005, the trial
court entered a decree confirming the sale. 
We modify and affirm.

In her first issue on appeal, Wakefield argues that the decree confirming
the sale was Ainvalid
as a matter of law@ because
the trustees did not have standing to bring the suit.  She next argues, in her second issue on
appeal, that the decree confirming the sale was Ainvalid
as a matter of law@ because
the trial court failed to require joinder of all of the owners of the
property.  Finally, in her third issue on
appeal, Wakefield
maintains that the trial court abused its discretion in confirming the sale
because the receiver did not sell the entire interest in the property.

Standing is an issue that can be raised at any
time because it is a part of subject-matter jurisdiction.  Tex.
Ass=n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440,
445-46 (Tex.
1993).  For a party to have standing,
there must be an actual controversy between the parties in the lawsuit that
actually will be determined by the relief sought in it.  Austin Nursing Ctr., Inc. v. Lovato,
171 S.W.3d 845, 850 (Tex.
2005).  Capacity, however, is an issue
that must be raised by a verified pleading or it is waived.  Tex.
R. Civ. P. 93(1), (2); Spurgeon v. Coan & Elliott, 180 S.W.3d
593, 597 (Tex.
App.CEastland
2005, no pet.).








A party must have both standing and capacity to
bring a lawsuit.  Lovato, 171
S.W.3d at 848; Spurgeon, 180 S.W.3d at 597.  The focus in a standing issue is upon the
question of whether the party bringing the lawsuit has a sufficient relationship
with it so that there is a justiciable interest in the outcome.  Lovato, 171 S.W.3d 848; Spurgeon,
180 S.W.3d at 597.  Standing exists if
the party bringing the lawsuit is personally aggrieved by the alleged
wrong.  Nootsie, Ltd. v. Williamson
County Appraisal Dist., 925 S.W.2d 659, 661 (Tex. 1996). 
Capacity is procedural in nature, and the focus in a capacity inquiry is
upon the personal qualifications of a party to litigate.  Id.  A party may lack standing because that party
does not have a justiciable interest in the outcome of a case but yet have
capacity when the party has the legal authority to act.  Id.  We review standing questions de novo.  Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex.
1998).

Wakefield
correctly argues that the trust terminated upon the death of Mrs.
Ohlenbusch.  Tex. Prop. Code Ann. ' 112.052 (Vernon 2007); see Sorrel
v. Sorrel, 1 S.W.3d 867, 871 (Tex. App. CCorpus
Christi 1999, no pet.).  She is also
correct that the legal title held by the trustees and the equitable title held
by the beneficiaries merged in the beneficiaries at that time.[2]
Id.  Phillips was one of those beneficiaries.  Wakefield
does not question that Phillips has both standing and capacity in this
lawsuit.  Regardless of whether Kensing
and Genz have standing, Phillips, as an owner of the property, would have
standing to bring a suit to partition the property.   See Tex.
Prop. Code Ann.  ' 23.001 (Vernon 2000).  Further, Wakefield admits that Kensing and Genz are
beneficiaries of the trust in their individual capacities.  As beneficiaries of the trust, Phillips,
Kensing, and Genz each have a sufficient relationship with the lawsuit so that
there is a justiciable interest in the outcome. 
See Lovato, 171 S.W.3d at 848. 
Phillips, Kensing, and Genz each have standing in this lawsuit.

While couched as standing issues, Wakefield=s
position is more in the nature of an attack on the capacity of Kensing and Genz
to bring this suit for partition. 
Complaints regarding a party=s
capacity must be raised timely by verified pleading.  Rule 93(1), (2).  Wakefield
filed a verified pleading in which she raised the issue of capacity.  However, the trial court had entered its
agreed order for the sale of the property, the receiver had sold the property,
and he had filed a report of the sale before Wakefield raised the issue of capacity in an
amended answer.  The trial court held
that the issue was not timely raised.  We
agree.  By waiting until after the report
of the sale had been filed, Wakefield
did not raise the issue of capacity timely, and she waived it.  See Ray Malooly Trust v. Juhl, 186
S.W.3d 568, 570 (Tex.
2006).  Wakefield=s
first issue on appeal is overruled.








Wakefield
next maintains that the decree confirming the sale is invalid because the trial
court did not require the joinder of all joint owners of the property.  In various pleadings and in numerous
arguments to the trial court and to this court, Wakefield states that there are other owners
of the property who were not joined in the lawsuit.  However, Wakefield offered nothing in the way of
actual evidence or testimony regarding these other owners.  While there may well be other owners,  the trial court was presented with nothing
beyond unsworn declarations and arguments regarding such other possible
owners.  The only actual evidence that
the trial court had before it was that the property was owned one-third by
Phillips, one-third by the trust, and one-third by Wakefield. However, because the trust had
terminated and because the legal and equitable titles to the property had
merged into the beneficiaries, as a matter of law, ownership of the one-third
interest attributed to the trust should have been attributed to the
beneficiaries of the trust.  We will
modify that portion of the judgment of the trial court to show that the
one-third interest attributed to the trust is owned by the beneficiaries of the
trust.  Otherwise, Wakefield=s
second issue on appeal is overruled.

In her third issue on appeal, Wakefield maintains
that the trial court abused its discretion when it confirmed the report of the
sale because it Afailed to
sell the entire interests of the parties in the subject property.@ 
A trial court abuses its discretion by acting arbitrarily, unreasonably,
or without consideration of guiding principles. 
Walker v. Gutierrez, 111 S.W.3d 56, 62 (Tex. 2003).

The agreed order for the sale of the property
contained a legal description of the 362.83-acre tract of land.  The agreed order contained no restrictions on
the sale.  When the receiver sold the
property, he retained, for the parties to the lawsuit, certain mineral
interests as well as certain royalty interests from future wind turbine
contracts.  Wakefield claims that, in
making the reservations, the receiver sold the property on terms in direct
conflict with the agreed order of sale.

Wakefield cites us to Mergenthaler Linotype Co.
v. McClure, 16 S.W.2d 280 (Tex. Comm=n
App.  1929), for the proposition that a
receiver must follow the mandates of a court order when it sells property and
may not sell on terms that conflict with the order.








            In McClure, the court order contained very detailed
instructions on how, when, where, and on what terms the sale would be
made.  Among those terms were that the
sale would be for cash and the proceeds deposited with the court for
distribution after a hearing on the establishment of liens and claims against
the property.  The holder of the first
lien on the property claimed that the receiver refused its bid and that its bid
was higher than the one made by the actual buyer at the sale. On appeal, the
court pointed out that the first lienholder wanted to credit the amount of its
bid to the lien it held but that Aa
receiver exercises a naked power according to the mandate of the court, the
terms of which he must follow.@  McClure, 16 S.W.2d at 282.  The trial court had ordered that the sale be
for cash and that matters involving liens would be determined later.  The receiver was required to take the action
it did and to refuse to authorize the credit. 


Here, the trial court placed no such restrictions
upon the receiver.  The order merely
provided that the receiver was to sell the property at private sale.  That was done.  The receiver did nothing to conflict with the
order for the sale of the property.  The
trial court did not abuse its discretion when it confirmed the sale of the
property.  Wakefield=s third issue on appeal is overruled.

The judgment of the trial court is modified to
show that the owners of the one-third interest credited to the trust are the
beneficiaries of the trust.  As modified,
the judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

September 6, 2007

Panel
consists of:  Wright, C.J., 

McCall,
J., and Strange, J.











[1]Wakefield is represented by counsel in this appeal.





[2]Wakefield relies on Sorrel also for the
proposition that there can be no judicial partition in cases of this
nature.  Sorrel is
distinguishable. In Sorrel, the attempted partition was
nonjudicial.  The trustees there
attempted to partition the property by direct conveyance.   Moreover, even if the trial court could not
partition the property at the request of the trustees, it could partition the
property at the request of Phillips. 
That proposition has not been questioned either in the trial court or in
this court.